THE STATE, EX REL. QUEEN CITY CHAPTER OF THE SOCIETY OF PROFESSIONAL JOURNALISTS, SIGMA DELTA CHI ET AL., *v.* MCGINNIS ET AL.

[Cite as State, ex rel. Queen City Chapter of Professional Journalists, *v.* McGinnis (1984), 10 Ohio St. 3d 54.]

(No. 82-1296—Decided April 4, 1984.)

*Messrs. Kircher & Phalen* and *Mr. Robert B. Newman,* for relators.

*Mr. Richard A. Castellini,* city solicitor, and *Mr. Hugh O. Frost II,* for respondent Bret McGinnis.

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Mr. Roger E. Friedmann,* for respondent Lincoln J. Stokes.

*Per Curiam.* Pursuant to Section 10, Rule VIII of the Supreme Court Rules of Practice, briefs filed by plaintiffs in original actions must comply with the requirements of Sections (1), (3), (4) and (6) of Rule V and with Rule VI of the Supreme Court Rules of Practice governing the form of briefs on the merits in appeal cases. Section 1 of Rule V requires that merit briefs contain a table of contents, a table of authorities, arguments headed by propositions of law and an appendix.

Relators' brief does not comply with any of these requirements. Moreover, by this "brief," relators have, in essence, submitted the same motion to the court for consideration for the third time. Relators' failure to file a brief in compliance with the Rules of Practice after being ordered to do so twice is inexcusable. As we stated in *Drake* v. *Bucher* (1966), 5 Ohio St. 2d 37, 39-40 [34 O.O.2d 53]:

"[T]here is no excuse for the failure of any member of the bar to understand or to comply with the rules of this court. They are promulgated so that causes coming before the court will be presented in a clear and logical manner, and any litigant availing himself of the jurisdiction of the court is sub-

jected thereto. Not to be minimized is the necessity of compliance as an accommodation to the correct dispatch of the court's business. * * *

"In order to promote justice, the court exercises a certain liberality in enforcing a strict attention to its rules, especially as to mere technical infractions. But a substantial disregard of the whole body of these rules cannot be tolerated." See, also, *Vorisek* v. *North Randall* (1980), 64 Ohio St. 2d 62, 65 [18 O.O.3d 296].

Here, relators apparently concluded that their first motion for summary judgment, shielded by skilled draftsmanship, could not be challenged and that if they persisted, this court would agree. There is no rational framework for this conclusion.

Accordingly, this cause is dismissed *sua sponte* for the reason that relators' have failed to minimally comply with the Rules of Practice of this court.

*Cause dismissed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J.P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. In my view, the relators have, in essence, complied with the rules of this court. Disregarding the technical infractions, the law to be asserted was sufficiently set forth within the memoranda surrounding relators' motions for summary judgment.

Therefore, I would decide the case on its merits in order to resolve this important issue.