THE STATE, EX REL. RENFRO, ET AL., *v.* CUYAHOGA COUNTY DEPARTMENT OF
HUMAN SERVICES.

[Cite as State, ex rel. Renfro, *v.* Cuyahoga Cty. Dept. of Human Serv. (1990),
54 Ohio St. 3d 25.]

(No. 89-1121—Submitted May 29, 1990—Decided September 26, 1990.)

*Richard J. Marco,* for relators.
*John T. Corrigan,* prosecuting at-
torney, *Colleen C. Cooney* and *Michael
Pokorny,* for respondent.

*Per Curiam.* The first issue before

us is whether this case should be dismissed for relators' failure to file a merit brief that comports with the Supreme Court Rules of Practice. Relators did not supply any argument beyond their memoranda in opposition to respondent's motions. Thus, they clearly did not comply with the briefing schedule in Section 10, Rule VIII or the technical requirements of Rule V (briefs must contain table of contents, propositions of law, etc.) that apply in original actions.

Respondent relies on *State, ex rel. Queen City Chapter of Professional Journalists,* v. *McGinnis* (1984), 10 Ohio St. 3d 54, 10 OBR 316, 461 N.E. 2d 307, in which we dismissed an original action in mandamus because the relators failed to file an appropriate brief after being ordered to do so twice. *McGinnis* differs from this case in that while relators certainly should have filed a brief pursuant to the rules — see *Drake* v. *Bucher* (1966), 5 Ohio St. 2d 37, 34 O.O. 2d 53, 213 N.E. 2d 182 — they have not ignored a specific order to file a brief. Moreover, the *McGinnis* relators did not file the brief required by the rules because they wanted to press the same arguments that we had already rejected in reviewing their earlier motions. *Id.* at 56, 10 OBR at 317, 461 N.E. 2d at 309. In contrast, these relators advanced their arguments for granting a writ of mandamus — the merit issue in this action — because respondent argued the merits in its "ill-conceived" motions to dismiss. *Assn. for the Defense of the Washington Local School Dist.* v. *Kiger* (1989), 42 Ohio St. 3d 116, 117, 537 N.E. 2d 1292, 1293. Thus, relators here sought to avoid only duplicating the argument that respondent had caused them to make prematurely. In view of these distinctions, we do not find *McGinnis* controlling, and therefore overrule respondent's third motion to dismiss.

The second issue before us is whether we should grant a writ of mandamus compelling respondent to allow inspection of its investigation report. Relators claim a right to inspect the report under three statutes: R.C. 149.43(B), 1347.08(A)(2), and 5153.17. We have reviewed the investigation file in question. See *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, paragraph four of the syllabus.[1] However, for the reasons that follow, we hold that none of these statutes requires respondent to release the file, or any part of it, to relators.

### R.C. 149.43

R.C. 149.43(B) requires that public records be promptly prepared and

---

[1] Review of the public records was necessary in *Natl. Broadcasting Co.* to determine if they contained any nonpublic information that should be severed through redaction. See, also, *State, ex rel. Outlet Communications, Inc.,* v. *Lancaster Police Dept.* (1988), 38 Ohio St. 3d 324, 528 N.E. 2d 175, and *State, ex rel. Fostoria Daily Review Co.,* v. *Fostoria Hosp. Assn.* (1989), 44 Ohio St. 3d 111, 541 N.E. 2d 587. Here, we were required to examine the investigation report because relators challenged not only respondent's characterization of this report as excepted from the public records law, but also respondent's statement of the materials the report contained. Both of these situations are to be distinguished from that in which (1) the matters contained in an allegedly public record are not in dispute, making only its status under the public records law an issue, *and* (2) the matters are entirely public or entirely confidential. See, *e.g., State, ex rel. Multimedia, Inc.,* v. *Whalen* (1990), 48 Ohio St. 3d 41, 549 N.E. 2d 167; *State, ex rel. McGee,* v. *Ohio State Bd. of Psychology* (1990), 49 Ohio St. 3d 59, 550 N.E. 2d 945.

made available for inspection at reasonable times upon request. R.C. 149.43(A)(1) defines a "public record" as "any record that is kept by any public office," but also excepts "records the release of which is prohibited by state or federal law." Respondent argues that its investigation report falls within this exception by virtue of R.C. 2151.421, which sets forth respondent's responsibility to investigate any reported allegations of child abuse. Respondent cites R.C. 2151.421(H), which, at the time relators' amended complaint was filed, provided:

"(1) Any report made under this section is confidential.

"(2) No person shall permit or encourage the unauthorized dissemination of the contents of any report made under this section." Am. H.B. No. 257, effective August 3, 1989.

R.C. 2151.421(H)(1) clearly removes child abuse investigation reports compiled under that statute from the mandatory disclosure provisions of R.C. 149.43(B). Cf. *State, ex rel. Fostoria Daily Review Co.*, v. *Fostoria Hosp. Assn.* (1989), 44 Ohio St. 3d 111, 113, 541 N.E. 2d 587, 589 (hospital records containing information made confidential by statute are excepted from R.C. 149.43[B]). However, relators contend that the "unauthorized dissemination" reference in R.C. 2151.421(H)(2) implicitly permits release of respondent's investigation report to them. We disagree.

Ohio Adm. Code 5101:2-34-38 clarifies the term "unauthorized dissemination" as used in the statute. Division (A) of the rule states that "[e]ach report and investigation of alleged child abuse or neglect is confidential and may be shared only when dissemination is authorized by this rule.* * *" Division (D) of the rule contains the only authorization that applies to relators, and it prevents respondent from informing relators of anything but "[t]he allegation contained in the report" and "[t]he disposition of the investigation."

The record substantiates that respondent has informed relators of both the allegation in and disposition of its investigation. Beyond this, respondent's investigation report is confidential to relators, just as it is to the general public. Therefore, respondent's investigation report is not a public record under R.C. 149.43(B). Accordingly, we hold that respondent has no duty, under this authority, to allow the inspection relators seek.

### R.C. 1347.08

R.C. 1347.08(A)(2) generally allows the subject of information kept in a personal information system to inspect that information.[2] Relators submit that respondent's investigation report is available through a "personal information system" as defined by R.C. Chapter 1347 and, therefore, that respondent has a duty to allow them to inspect the report.[3] Again, we disagree.

---

[2] As R.C. Chapter 1347 is commonly referred to as the "Privacy Act," a popular misconception about the chapter is that it grants "an encompassing individual right of privacy in records kept by governmental agencies." 1990 Ohio Atty. Gen. Ops. No. 90-007, at 2-32, fn. 8. R.C. Chapter 1347 does protect an individual's privacy interest, but only insofar as it guards against

excessive governmental recordkeeping. *Henneman* v. *Toledo* (1988), 35 Ohio St. 3d 241, 245, 520 N.E. 2d 207, 211. This protection is manifested by provisions like R.C. 1347.08(A)(2), which require, rather than prevent, disclosure of personal information in certain situations.

[3] Respondent is a "local agency" as

R.C. 1347.04 sets forth exemptions from the disclosure provisions of R.C. Chapter 1347. R.C. 1347.04 provides, in part:

"(A)(1) Except as provided in division (A)(2) of this section or division (C)(2) of section 1347.08 of the Revised Code [disclosure of medical information about an inmate in a penal or reformatory institution], the following are exempt from the provisions of this chapter:

"(a) Any state or local agency, or part of a state or local agency, that performs as its principal function any activity relating to the enforcement of the criminal laws, including police efforts to prevent, control or reduce crime or to apprehend criminals;

"(b) The criminal courts;

"(c) Prosecutors;

"(d) Any state or local agency or part of any state or local agency that is a correction, probation, parole, or pardon authority;

"(e) *Personal information systems that are comprised of investigatory material compiled for law enforcement purposes by agencies that are not described in divisions (A)(1)(a) and (d) of this section.*

"(2) A state agency is not exempt from complying with section 1347.03 of the Revised Code [annual notice that agency maintains a personal information system]. *A part of a state or local agency that does not perform, as its principal function, an activity relating to the enforcement of the criminal laws is not exempt under this section.*" (Emphasis added.)

As respondent argues, the investigation report at issue falls squarely within the exemption stated in R.C. 1347.04(A)(1)(e). The record before us substantiates that the report was produced pursuant to R.C. 2151.421(F), which requires respondent (1) to investigate, within twenty-four hours, each report of known or suspected child abuse or threat of child abuse to determine the circumstances surrounding the abuse and the person or persons responsible for the abuse; (2) to conduct its investigation "in cooperation with the law enforcement agency"; (3) to "submit a report of its investigation, in writing to the law enforcement agency"; and (4) to recommend to the law enforcement agency whatever measures respondent considers necessary to protect the allegedly abused child. These provisions establish that the contents of the investigative report at issue were "compiled for law enforcement purposes." Accord 1989 Ohio Atty. Gen. Ops. No. 89-084.

Moreover, the exemption in R.C. 1347.04(A)(1)(e) does not require that investigatory materials be *specifically* compiled for law enforcement purposes. Thus, contrary to relators' argument, use of these investigatory materials for other reasons, like preventing the return of relators' foster child or recertification of their home, does not place respondent's report outside the exemption. Cf. *Barton* v. *Shupe* (1988), 37 Ohio St. 3d 308, 309, 525 N.E. 2d 812, 813, and *Natl. Broadcasting Co., supra*, at 84-85, 526 N.E. 2d at 791 (trial preparation records must be specifically compiled for litigation purposes to be excepted from mandatory disclosure under R.C. 149.43[A][4]).

The parties do not discuss the sec-

---

defined by R.C. 1347.01(B), and although no proof in the record establishes the instant investigation report to be part of a personal information system — see R.C. 1347.01(E) and (F) — we assume that this is the case because respondent does not dispute it.

ond sentence of R.C. 1347.04(A)(2), that "[a] part of a state or local agency that does not perform, as its principal function, an activity relating to law enforcement of the criminal laws is not exempt under this section." However, we have no evidence to suggest that any "part" of respondent *does* perform, as its principal function, law enforcement activities. Thus, relators might have argued that since the Division (A)(1) exemptions apply except as provided in Division (A)(2), respondent cannot rely on Division (A)(1)(e).

To construe R.C. 1347.04(A)(2) as an attempt by the General Assembly to bring situations like the one at bar within the disclosure provisions of R.C. Chapter 1347, however, would nullify the exemption in Division (A)(1)(e) for investigatory material compiled for law enforcement purposes by agencies not described in Divisions (A)(1)(a) and (d). Therefore, we read Divisions (A)(2) and (A)(1)(e) as requiring agencies like respondent to comply with the disclosure provisions of R.C. Chapter 1347, except when disclosure would cause release of investigatory materials compiled for law enforcement purposes. We come to this conclusion mainly because Division (A)(1)(e) exempts investigation *materials*, but Division (A)(2) applies to *agencies*.

Based on the foregoing, respondent's investigation report is entirely exempt from the disclosure required by R.C. 1347.08(A)(2). Accordingly, we hold that this statute, like R.C. 149.43(B), does not require respondent to produce its investigation report for relators' inspection.

### R.C. 5153.17

R.C. 5153.17 makes respondent's foster care records confidential, but it allows respondent to inspect the records internally, and it allows other persons to inspect the records with written permission from the executive secretary. Relators claim that this statute requires respondent to permit inspection of its investigation report by relying on *Davis* v. *Trumbull Cty. Children Serv. Bd.* (1985), 24 Ohio App. 3d 180, 24 OBR 270, 493 N.E. 2d 1011, and *In re Trumbull Cty. Children Serv. Bd.* (1986), 32 Ohio Misc. 2d 11, 513 N.E. 2d 360. However, we fail to see how the statute and these cases establish the duty relators propose.

Certainly, the confidentiality promised by R.C. 5153.17 is not absolute. Even so, keeping foster care records confidential, not disclosing them, is respondent's primary responsibility under the statute. This is particularly true when the records include a child abuse investigation report. R.C. 2151.421(H)(1).

*Davis* and *In re Trumbull Cty.*, on the other hand, require respondent to, in essence, breach the duty to keep foster care records confidential. *Davis* holds that foster care records must be released to parents of an allegedly abused child when a county children services board is relying on the records to gain custody through a dependency action. There, the confidentiality provision in R.C. 5153.17 was overridden by the parents' right to a fair trial. *In re Trumbull Cty.* holds that if the subject of a foster care record is entitled to inspect the record under R.C. Chapter 1347, that right also overrides the R.C. 5153.17 confidentiality provision.

Neither of these holdings, however, applies here. Relators' right to a fair trial is not at stake, and as mentioned, relators are not entitled to inspect respondent's investigation report under R.C. Chapter 1347. Thus, relators have cited no authority that requires respondent to breach the duty it otherwise has to maintain the con-

fidentiality of the instant foster care records. Accordingly, we hold that relators have failed to show that respondent is required, under R.C. 5153.17, to release its investigation report for inspection.

As respondent has no duty to allow the inspection relators seek under R.C. 149.43, 1347.08, or 5153.17, the request for a writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., GWIN, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., not participating.

W. SCOTT GWIN, J., of the Fifth Appellate District, sitting for SWEENEY, J.