OPINION
{¶ 1} Appellant Robert Arman appeals a decision of the Holmes County Court of Common Pleas in his criminal case alleging the trial court failed to conduct an in camera inspection of certain Children's Services records relating to the victim. We find appellant's claimed error to be without merit.
 {¶ 2} On August 1, 2005, the Holmes County Grand Jury indicted appellant on two counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), felonies of the third degree, one count of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and one count of Sexual Imposition in violation of R.C.2907.0(A)(4), a misdemeanor of the third degree.
 {¶ 3} The alleged sexual abuse occurred between July 2004 and June 2005. The victim was appellant's goddaughter who was regularly left in his charge.
 {¶ 4} Appellant requested the State to provide all of the records from the Holmes County Department of Job and Family Services (hereinafter "HCDJFS") relating to the alleged victim
 {¶ 5} On November 30, 2005, the trial court held a hearing on appellant's Motion for Disclosure. The State provided certain HCDJFS records involving the victim covering February 7, 2005 to March 9, 2005 on an unrelated physical abuse matter, as well as records from September 1991 through October 2004 on five separate unrelated incidents for the trial court to view in camera.
 {¶ 6} After extensive discussions in chambers with counsel, the Court went on the record. The State, after representing to the Court that it had reviewed the files in question, discussed the HCDJFS documents at issue: *Page 3 
 {¶ 7} "There are two sets of children services' documents. There are old files beginning in 1991 going up through October of 2004, and if this child, the victim, her date of birth 7/13/91 so they essentially begin two months after she was born. I would provide the Court with those exhibits as one exhibit in camera with the summary. There are also children's services' records from February 7 through March 9 of 2005 concerning the physical abuse allegation, and I will provide those to the Court as well in camera". Motion Hearing Tr. at 2.
 {¶ 8} In response the trial court stated: "All right. The Court will review the child support [sic] records. I understand there has been lengthy involvement with Brittany and her family with children services, and I will advise the parties in writing later today or tomorrow as to the Court's ruling on that." Motion Hearing Tr. at 5.
 {¶ 9} The trial court issued a Judgment Entry dated December 1, 2005 ruling on appellant's Motion for Disclosure. The trial court stated:
 {¶ 10} "Extensive chambers discussions were read into the record and discovery motions were submitted to the Court."
 {¶ 11} "Regarding the defendant's discovery motions, the Court rules as follows:"
 {¶ 12} "1. Defendant shall have discovery of the February 2005 Children's Services Report of alleged physical abuse of Brittany Hartman. The Prosecutor shall redact the identity of the reporter of the alleged abuse before the Defendant is given discovery."
 {¶ 13} "2. The Court finds that Brittany Hartman's other prior records with Children's Services are not relevant to this proceeding." Journal Entry dated December 1, 2005. *Page 4 
 {¶ 14} A jury trial commenced on January 23, 2006. The jury convicted appellant of all four counts in the indictment. The trial court sentenced appellant to serve four years.
 {¶ 15} Appellant raises a single Assignment of Error:
 {¶ 16} "I. THE DEFENDANT WAS DENIED DUE PROCESS OF LAW AND THE TRIAL COURT ERRED IN FAILING TO PERFORM AN IN CAMERA INSPECTIONS[SIC] OF JOB AND FAMILY SERVICES FILES REQUESTED BY THE DEFENDANT-APPELLANT PURSUANT TO CRIM R. 16."
 I. {¶ 17} Appellant claims the trial court failed to hold an incamera inspection of the HCDJFS records of the victim.
 {¶ 18} Pursuant to Crim.R. 16(B)(1)(g), a party is entitled to anin camera inspection of a witness' written or recorded statement to determine inconsistencies and is entitled to the statement for cross-examination purposes if inconsistencies are found. Subsection (B)(2) lists the information not subject to disclosure as follows:
 {¶ 19} "(2) Information Not Subject to Disclosure. Except as provided in subsections (B)(1)(a), (b), (d), (f), and (g), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal documents made by the prosecuting attorney or his agents in connection with the investigation or prosecution of the case or of statements made by witnesses or prospective witnesses to state agents."
 {¶ 20} Confidentiality is governed by R.C. 5153.17. This issue has been addressed by the Supreme Court of Ohio in State ex rel. Renfro v.Dept. of Human Serv. (1990), 54 Ohio St.3d 25, 560 N.E.2d 230, wherein the court at 29 held as follows: *Page 5 
"Certainly, the confidentiality promised by R.C. 5153.17 is not absolute. Even so, keeping foster care records confidential, not disclosing them, is respondent's primary responsibility under the statute. This is particularly true when the records include a child abuse investigation report. R.C. 2151.421(H)(1)."
 {¶ 21} "The proper procedure in determining the availability of confidential records is for the trial court to conduct an in camera
inspection to determine relevancy and necessity, and whether the admission of the records outweighs the confidentiality considerations of R.C. 5153.17." State v. Fuson (Aug. 11, 1998), Knox App. No. 97CA000023, citing, State v. Hart (1988), 57 Ohio App.3d 4, 566 N.E.2d 174;Pennsylvania v. Ritchie (1987), 480 U.S. 39, 107 S.Ct. 989,94 L.Ed.2d 40.
 {¶ 22} Appellant requested "all protective Services reports compiled in connection with this case. Any other complaints of actual or suspected child abuse made to Protective Services regarding Complainant." Pursuant to this request, the trial court held a hearing on November 30, 2005. The trial court performed an in camera inspection of the records from HCDJFS at issue. The trial court ordered the disclosure of the 2005 records, but withheld the records from 1991 through 2004. The court found these records were not relevant.
 {¶ 23} Upon review, we find the trial court correctly followed the procedure of Fuson. The appellant does not challenge the trial court's determination regarding relevancy nor did the appellant's trial counsel proffer the records in question as an exhibit in order to make them part of the record on appellate review.
 {¶ 24} Appellant's sole assignment of error is overruled. *Page 6 
 {¶ 25} The judgment of the Holmes County Court of Common Pleas is affirmed.
Delaney, J. Hoffman, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1