OPINION *Page 2 
{¶ 1} Defendant-Appellant Bruce Elliott appeals his conviction for three counts of Gross Sexual Imposition, in violation of R.C. 2907.05.
 {¶ 2} A minor, under the age of thirteen, reported sexual abuse by Appellant, her great-uncle, to a representative of the Coshocton Department of Job and Family Services. The abuse occurred at Appellant's residence in Tuscarawas County.
 {¶ 3} On December 14, 2005, the Tuscarawas Grand Jury indicted Appellant on eight counts of Rape in violation of R.C. 2907.02, all felonies of the first degree, and two counts of Gross Sexual Imposition in violation of R.C. 2907.05, one is a felony of the third degree and one is a felony of the fourth degree. The arraignment was set for January 19, 2006.
 {¶ 4} On January 19, 2006, Appellant entered a not guilty plea to all counts and a pre-trial conference was set for February 21, 2006.
 {¶ 5} On February 24, 2006, Appellant filed a motion to disclose both the Coshocton and Tuscarawas County Department of Job and Family Services Records in regards to this case. On March 14, 2006, the trial court filed an entry granting an in camera review of the records.
 {¶ 6} On March 24, 2006, the trial court received the records of Tuscarawas County Department of Job and Family Services.
 {¶ 7} On March 28, 2006, via Judgment Entry, the trial court stated:
 {¶ 8} "The Court has been advised that no file exists in the name of Bruce Elliott with the Tuscarawas County Job and Family Services office. The Court has *Page 3 
been provided with records pertaining to an investigation of another individual who temporarily resided with Bruce Elliott.
 {¶ 9} "The undersigned has made a complete in camera review of the report provided from the Tuscarawas County Department of Job and Family Services office. The Defendant is mentioned incidental to the investigation of another. The purpose of the investigation is not related to the type of incidents or activity alleged in the Indictment filed in the above-captioned case. There are no exculpatory matters contained in the report provided.
 {¶ 10} "It is ORDERED that the Tuscarawas County Department of Job and Family Services records are not discoverable and shall remain confidential."
 {¶ 11} On April 11, 2006, the Coshocton County Department of Job and Family Services sent the requested file to the trial court.
 {¶ 12} On May 1, 2006, Appellant's counsel, Patrick Williams with the Tuscarawas County Public Defender's Office, filed a motion to withdraw. Appellant's trial scheduled for May 3, 2006 was continued and a pretrial hearing was scheduled. Appellant's counsel was granted leave to withdraw. Appellant wanted to retain private counsel.
 {¶ 13} On May 17, 2006, Appellant appeared pro se before the trial court for a change of plea hearing. Patrick Williams Appellant's original counsel appeared with him.
 {¶ 14} The trial court then went through the plea colloquy and reviewed the change of plea form with Appellant. Appellant acknowledged that he discussed the case and plea fully with an attorney. The trial court also addressed that the plea form was *Page 4 
signed by Appellant with Mr. Williams's handwriting in: "/pro se with advice of multiple counsel." (See, Acknowledgement of No Contest Plea dated May 22, 2008).
 {¶ 15} The trial court accepted the no contest plea to three (3) counts of Gross Sexual Imposition, one being a felony of the third degree and the other two being felonies of the fourth degree. (Tr. at 14). The trial court then reappointed the Tuscarawas County Public Defender's Office to represent Appellant at the sentencing hearing. Id. The trial court also ordered a pre-sentence investigation and scheduled the sentencing hearing for July 6, 2006. The trial court memorialized the plea and reappointment of counsel in a Judgment Entry dated May 22, 2006.
 {¶ 16} At the sentencing hearing, the trial court sentenced Appellant to eight years in a State Correctional Institution, five years on the felony of the third degree and consecutive sentences of eighteen months on the felonies of the fourth degree. The trial court labeled Appellant a "sexually oriented offender" based on the age difference between the Appellant and the victim at the time of the offense.
 {¶ 17} Appellant filed a notice of appeal on August 24, 2006. Appellant's notice of appeal was untimely filed and subsequently dismissed by this Court on November 2, 2006. On July 27, 2007, Appellant filed a notice of appeal and a motion for leave to file a delayed appeal. On August 13, 2007, Appellant's motion for delayed appeal was granted.
 {¶ 18} Appellant's appointed appellate counsel filed a brief pursuant to Anders v. California and sought authority to withdraw. This Court found further review of the Tuscarawas County Department of Job and Family Services records appropriate and *Page 5 
struck the Anders brief filed on Appellant's behalf. Judgment Entry date January 25, 2008.
 {¶ 19} Appellant raises two Assignments of Error[1]:
 {¶ 20} "I. DID THE TUSCARAWAS COUNTY PROSECUTOR'S OFFICE FAIL IN THEIR OBLIGATION TO PROVIDE DISCOVERY IN FAILING TO PROVIDE THE DEFENDANT THE VIDEO TAPE AND TRANSCRIPT OF THE INTERVIEW WITH THE COSHOCTON DEPARTMENT OF JOBS AND FAMILY SERVICES REPRESENTATIVE WHO INTERVIEWED THE ALLEGED VICTIM IN THIS CASE AND FAILING TO PROVIDE THE AKRON CHILDREN'S HOSPITAL RECORDS?
 {¶ 21} "II. DID THE TRIAL COURT ERR IN FAILING TO FIND THAT THE MATERIALS WHICH WERE DETERMINED TO BE SUBJECT TO AN IN CAMERA REVIEW SHOULD NOT BE PROVIDED TO THE DEFENDANT?"
 I. and II. {¶ 22} Appellant's assignments of error pertain to the discoverability of the files the Coshocton and Tuscarawas Departments of Job and Family Services and they will be reviewed together. First, Appellant argues the State was required to disclose the interview and medical records of the victim in this case from the Coshocton Department of Job and Family Services. Next, Appellant contends that the Tuscarawas Department of Job and Family Services file, which the trial court reviewed in camera, should have been provided to Appellant. *Page 6 
 {¶ 23} An appellate court's standard of review on evidentiary and discovery matters is that of an abuse of discretion. State v.Lorraine, 11th App. No. 2006-T-0100, 2007-Ohio-6724; State v.Rahman (1986), 23 Ohio St.3d 146, 152, 492 N.E.2d 401; State v.Williams (1983), 4 Ohio St.3d 53, 446 N.E.2d 444. An abuse of discretion is more than an error of law and implies that the trial court acted "unreasonably, arbitrarily or unconscionably." Blackmore v. Blackmore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 24} "The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." Crim. R. 12(I). The denial of a motion to suppress witness testimony followed by a no contest plea preserves the issue for appellate review.State v. Ulis (1992), 65 Ohio St.3d 83, 600 N.E.2d 1040. Because appellant pleaded no contest, his pretrial motion to disclose the records of the Coshocton and Tuscarawas Departments of Job and Family Services preserved the issue for appellate review.
 {¶ 25} In Ohio, the confidentiality of Children's Services records is governed by R.C. 5153.17. This confidentiality is not absolute.State v. Arman, 5th App. No. 06CA006, 2007-Ohio-6311, citing, State exrel. Renfro v. Dept. of Human Serv. (1990), 54 Ohio St.3d 25,560 N.E.2d 230.
 {¶ 26} "The proper procedure in determining the availability of confidential records is for the trial court to conduct an in camera
inspection to determine relevancy and necessity, and whether the admission of the records outweighs the confidentiality considerations of R.C. 5153.17." State v. Fuson (Aug. 11, 1998), 5th App. *Page 7 
No. 97CA000023, citing, State v. Hart (1988), 57 Ohio App.3d 4,566 N.E.2d 174; Pennsylvania v. Ritchie (1987), 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40.
 {¶ 27} We will first address the Coshocton Department of Job and Family Services records. Appellant argues the State failed in the obligation to provide discovery.
 {¶ 28} Crim. R. 16(B)(1)(f) codifies the constitutional right of a defendant to receive from the prosecution "evidence favorable to an accused [and] * * * material either to guilt or to punishment" underBrady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194. See State v.Keene, 81 Ohio St.3d 646, 650, 1998-Ohio-342. Brady material is only discoverable if it is both favorable and material.
 {¶ 29} In the instant case, appellant is seeking records that are required by statute to keep confidential. See R.C. 5153.17. However, R.C. 5153.17 does not require absolute confidentiality, so appellant is entitled to receive any information in the file that is material to his defense. Pennsylvania v. Ritchie, supra; Brady v. Maryland, supra. Appellant made a specific request for the Coshocton Department Job and Family Services records, so the trial court would be required to conduct an in camera inspection of those documents to determine if they contained evidence material to the defense. See Id. The trial court ordered that the Department of Job and Family Services records be disclosed to the trial court for an in camera inspection. Judgment Entry dated March 14, 2006. Coshocton Department of Job and Family Services sent the records to the trial court on April 11, 2006. Appellant entered into plea negotiations with the State and pled no contest on May 17, 2006 without objecting to the lack of *Page 8 
production or review of the records. The record reflects the State followed the proper discovery procedure.
 {¶ 30} Next, we will review whether the trial court committed error when it found the Tuscarawas Department of Job and Family Services records were not exculpatory and therefore not discoverable after anin camera review. The records reflected an investigation of an individual who temporarily resided with Appellant. The trial court reviewed the records in camera and found, "There were no exculpatory matters contained in the report." Judgment Entry dated March 28, 2006. Thus, the trial court conducted an appropriate in camera review.
 {¶ 31} After conducting an independent review of the Tuscarawas Department of Job and Family Services, we also agree with the trial court that the records do not contain any evidence that is material to the defense. There is no evidence in the records that would reasonably have changed the outcome of the trial had they been disclosed to appellant. We find the trial court did not abuse its discretion in determining that the records were not discoverable.
 {¶ 32} Accordingly, Appellant's first and second assignments of error are overruled. *Page 9 
 {¶ 33} The judgment of the Tuscarawas County Common Pleas Court is affirmed.
 Delaney, J., Gwin, P.J., and Edwards, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant also indicated in his brief that his Sixth Amendment rights were violated because counsel did not represent him at his change of plea hearing. We will not address this issue because it was not properly raised by any assignment of error. *Page 1