THE STATE, EX REL. FOREMAN, *v.* COURT OF APPEALS FOR LOGAN COUNTY ET AL.

[Cite as State, ex rel. Foreman, v. Court of Appeals (1970), 24 Ohio St. 2d 93.]

(No. 70-98—Decided November 25, 1970.)

94

Mr. Harold C. Foreman, in propria persona.

Mr. Paul W. Brown, attorney general, Mr. Shelby V. Huchins and Mr. Thomas V. Martin, for respondents.

*Per Curiam.* In this action, relator is seeking to require the Court of Appeals to state what the essential elements of *res judicata* are and where they are found in the record, to state separately its findings of fact and conclusions of law, and to file a journal entry making final the denial of an application to certify the cause as a conflict case.

It is relator's position that the Court of Appeals did not properly set forth its reasons for reversal.

An examination of the court's journal entry shows that the Court of Appeals set forth the prior proceedings between the parties and determined that all the elements of *res judicata* were present. It is relator's contention that such entry should be more specific.

No such duty is imposed on respondents by R. C. 2505.21 which requires that the reviewing court shall state the errors found in the record and the reasons for its decision. Once the court has so specified it has fulfilled its duty under the statute; it is not required to point out where the record substantiates its decision. It is within the sound discretion of the court as to how comprehensive its findings or decision shall be in relation to the analysis of the facts or law upon which it is based.

In respect to relator's request that the court be re-

quired to file a journal entry denying the motion to certify as a conflict case, respondent states that this was done May 19, so this is now moot. The relator also challenges the refusal to certify this cause as a conflict case. Mandamus does not lie to review the refusal of a Court of Appeals to certify a cause as a conflict case. *State, ex rel. Wolfe,* v. *Richards* (1933), 127 Ohio St. 63.

Relator argues also that the Court of Appeals should have granted his motion for separate findings of fact and conclusions of law. This is a question that cannot be raised by mandamus; relator has an adequate remedy at law by appeal. *State, ex rel. Foreman,* v. *Common Pleas Court* (1965), 1 Ohio St. 2d 175.

The demurrer to the petition, being now treated as a motion to dismiss under the new Rules of Civil Procedure, is sustained and final judgment is entered for respondents.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

SCHNEIDER, J., concurs in judgment only.