THE STATE, EX REL. WHITNEY, APPELLANT, *v.* McCLAIN, JUDGE, APPELLEE.

[Cite as State, ex rel. Whitney, v. McClain (1977), 49 Ohio St. 2d 155.]

(No. 76-664—Decided January 26, 1977.)

*Messrs. Goodman & Goodman* and *Mr. Stanley Good-man*, for appellant.

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. Arthur M. Ney*, for appellee.

*Per Curiam.* The question before this court is whether a writ of prohibition is a proper method by which appellant may seek relief from the appellee's order compelling her attendance at trial.

The order from which appellant seeks relief is interlocutory in nature in that it is dispositive of less than all the issues raised in the cause in which that order was issued. It is undeniable that the plaintiff in that cause had the right to subpoena the appellant (Civ. R. 45[E]), and further, that appellee had the discretionary power to consider the failure of a person to obey a subpoena served upon him as a contempt of court if such failure to appear was "* * * without adequate excuse * * *." Civ. R. 45(F). After a hearing at which appellant was afforded opportunity to present evidence and testimony with regard to her alleged inability to attend trial, appellee determined that

there was not an adequate excuse for her non-attendance.

This court has explicitly stated that "[t]he jurisdiction of the Court of Appeals to issue a writ of prohibition does not extend to an interlocutory matter arising during the proceedings in a cause before an inferior tribunal, which has jurisdiction of the cause, unless such interlocutory matter involves a usurpation of judicial power." *State, ex rel. Gross,* v. *Marshall* (1974), 39 Ohio St. 2d 92. See, also, *State, ex rel. Staton,* v. *Common Pleas Court* (1965), 5 Ohio St. 2d 17.

No question has been raised concerning the jurisdiction of the Common Pleas Court over either the parties before it or the subject matter of the litigation. The order sought to be prohibited is interlocutory in nature and does not represent a usurpation of judicial power. The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.