188

THE STATE, EX REL. CELEBREZZE, JR., SECY. OF STATE, *v.*
COURT OF COMMON PLEAS OF BUTLER COUNTY.

(No. 79-1497—Decided December 20, 1979.)

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for relator.

*Carl Morgenstern Co., L.P.A., Mr. Carl Morgenstern* and *Mr. Roger S. Gates,* for respondent.

*Per Curiam.* The three requirements which must exist to support the issuance of a writ of prohibition are: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) the exercise of such power must be clearly unauthorized by law, and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of law. *State, ex rel. Bell,* v. *Blair* (1975), 43 Ohio St. 2d 95. We must decide if relator, alleging error by respondent court in exercising jurisdiction over him and in issuing a restraining order and contempt citation against him, is entitled to relief in prohibition.

Relator's reliance on *State, ex rel. Gilligan,* v. *Hoddinott* (1973), 36 Ohio St. 2d 127, is misplaced. That case was limited to preventing interference by a court over the exercise of the discretionary powers of the Governor, the chief executive of the state. Although relator is chief election officer of the state, *State, ex rel. Gilligan,* cannot be read to grant immunity from court interference in the exercise of his powers. Further, *State, ex rel. Gilligan,* must be read in the context of its factual setting. In that case, we did not approve extraordinary powers in the Governor. Rather, we recognized the needed discretion under some circumstances in the office of

Governor in order to protect state citizens and property. There is no comparable impending harm in the instant case as there was in *State, ex rel. Gilligan,* to warrant non-interference of relator's actions by respondent court.

"Prohibition is a preventive rather than a corrective remedy and is designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine.***It cannot be used to review the regularity of an act already performed." *State, ex rel. Stefanick,* v. *Municipal Court* (1970), 21 Ohio St. 2d 102, 104. Thus, prohibition cannot lie here to correct any errors made by respondent court. Respondent has jurisdiction over Thall's suit and determined it proper to restrain relator from further action and to hold him in contempt when relator was found to have violated that restraining order. We express no view in the correctness of respondent court's determinations. Our only concern is the correctness in granting a writ. If there were errors or defects by respondent court, there is a suitable remedy by way of appeal. It is well-settled that prohibition does not function as a substitute for an appeal. *State, ex rel. Rhodes,* v. *Solether* (1955), 162 Ohio St. 559.

For the above reasons, we decide that this is not a proper action in which a writ of prohibition should be granted. Therefore, the writ is denied.[3]

*Writ denied.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[3] We express no view as to whether Thall has a valid claim in her suit now pending in respondent court. Nor do we express a view as to the correctness of relator's dismissal of Thall.