THE STATE, EX REL. CHILDREN'S MEDICAL CENTER, APPELLEE, *v.* BROWN, JUDGE; WARE, APPELLANT.

[Cite as State, ex rel. Children's Medical Ctr., *v.* Brown (1991), 59 Ohio St. 3d 194.]

(No. 90-926—Submitted March 12, 1991—Decided May 15, 1991.)

*Freund, Freeze & Arnold, Neil F. Freund* and *Robert N. Snyder,* for appellee Children's Medical Center.

*Brannon, Hall & Tucker* and *Michael L. Tucker,* for appellant Jacqueline Ware.

*Bricker & Eckler, James J. Hughes, Jr.* and *Catherine M. Ballard,* urging affirmance for *amicus curiae,* Ohio Hospital Association.

*Per Curiam.* Appellant contends that since the trial court had authority to order production of the incident report and CMC had an adequate remedy at law, the court of appeals erred in issuing the writ of prohibition. We agree.

In *State, ex rel. Celebrezze,* v. *Butler Cty. Common Pleas Court*

(1979), 60 Ohio St. 2d 188, 189, 14 O.O. 3d 441, 398 N.E. 2d 777, 778, we stated: "The three requirements which must exist to support the issuance of a writ of prohibition are: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) *the exercise of such power must be clearly unauthorized by law,* and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of law." (Emphasis added.)

Moreover, in *Celebrezze, supra,* we noted:

" 'Prohibition is a preventive rather than a corrective remedy and is designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine. * * * It cannot be used to review the regularity of an act already performed.' *State, ex rel. Stefanick,* v. *Municipal Court* (1970), 21 Ohio St. 2d 102, 104. Thus, prohibition cannot lie here to correct any errors made by respondent court * * *. We express no view in the correctness of respondent court's determinations. Our only concern is the correctness in granting a writ. If there were errors or defects by respondent court, there is a suitable remedy by way of appeal. It is well-settled that prohibition does not function as a substitute for an appeal. * * *" *Id.* at 190, 14 O.O. 3d at 442, 398 N.E. 2d at 778-779.

Paragraph one of the syllabus in *State, ex rel. Staton,* v. *Franklin Cty. Common Pleas Court* (1965), 5 Ohio St. 2d 17, 34 O.O. 2d 10, 213 N.E. 2d 164, provides:

"The jurisdiction of the Court of Appeals to issue a writ of prohibition does not extend to an interlocutory matter arising during the proceedings in a cause before an inferior tribunal, which has jurisdiction of the cause,

unless such interlocutory matter involves a usurpation of judicial power."

In rejecting the requested writ in *Staton,* we stated:

" 'In all cases where an inferior court has jurisdiction of the matter in controversy and keeps within the limits prescribed by law for its operation, the superior court should refuse to interfere by prohibition, for it should not consider whether the court below erred in the exercise of its powers, since it has nothing to do with the correctness of the rulings of the inferior court but only with exercise of jurisdiction.' " (Emphasis deleted.) *Id.* at 19, 34 O.O. 2d at 11, 213 N.E. 2d at 166.

Finally, in *Staton, supra,* at 21, 34 O.O. 2d at 12, 213 N.E. 2d at 167, we concluded:

"The doctrine announced in [*State, ex rel.*] *Scoratow*[, v. *Common Pleas Court of Wood County* (1959), 170 Ohio St. 76, 9 O.O. 2d 466, 162 N.E. 2d 533,] is of special significance here in that it held, in the third paragraph of the syllabus, that a writ in prohibition is not available for determination of the admissibility of evidence. Consequently, in the case pending in the Court of Common Pleas, the admissibility of the evidence of the examining physician may not be determined in prohibition."

In *State, ex rel. Whitney,* v. *McClain* (1977), 49 Ohio St. 2d 155, 3 O.O. 3d 115, 359 N.E. 2d 442, we addressed the issue of interlocutory orders and observed:

"The order from which appellant seeks relief is interlocutory in nature in that it is dispositive of less than all the issues raised in the cause in which that order was issued. It is undeniable that the plaintiff in that cause had the right to subpoena the appellant * * * and further, that appellee had the discretionary power to consider the failure of a person to obey a subpoena served upon him as a contempt of court if such

failure to appear was '\* \* \* without adequate excuse \* \* \*.' " *Id.* at 156, 3 O.O. 3d at 115, 442 N.E. 2d at 442.

In summary, it is unnecessary to inquire whether an abuse of discretion occurred if in fact the trial court in the underlying action had jurisdiction and the discretion to exercise its power; whether that power was exercised correctly is immaterial so long as it existed at the time the lower court acted. Certainly, the trial court had jurisdiction and authority to find against CMC on the privilege issue and to compel discovery. Consequently, prohibition does not lie here.

The judgment of the court of appeals, issuing the writ of prohibition, is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. Because I believe the court of appeals properly addressed its jurisdiction to issue a writ of prohibition, I dissent from today's majority opinion.

In its opinion, the court of appeals made seventeen separate findings of fact. Based upon these findings, the court of appeals concluded that the incident reports were "absolutely privileged as an attorney-client communication, R.C. 2317.02(A), and as a report made available to a utilization committee, R.C. 2305.24." After so concluding, the court of appeals analyzed the reports in light of this court's decision in *State, ex rel. Lambdin,* v. *Brenton* (1970), 21 Ohio St. 2d 21, 50 O.O. 2d 44, 254 N.E. 2d 681. In *Brenton,* we determined that certain medical records were privileged and issued a writ of prohibition to prevent their production. We further reasoned that because the trial court in the underlying action erred in its order regarding the records, "\* \* \* damage to plaintiff's rights by such forced disclosure could not be avoided by an appeal. Under such circumstances, the court's order amounts to a usurpation of judicial power, and appeal, under the circumstances, is not an adequate remedy at law." *Brenton, supra,* at 24, 50 O.O. 2d at 46, 254 N.E. 2d at 683.

I believe such reasoning applies to the facts in this case. If appellee is required to produce the incident report, information intended by the General Assembly to be privileged will be available for public consumption. Such result does violence to the purpose of the privilege statutes.

In addition, once the information contained within this report becomes exposed, the appellant will suffer immediate and irreparable harm. As in *Brenton, supra,* this harm cannot be corrected on appeal and, therefore, the trial court's order amounts to a usurpation of judicial power and appeal is an inadequate remedy at law. Accordingly, I strongly dissent from the majority's opinion, as I would grant the appellee a writ of prohibition.