**[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 353.]**

THE STATE EX REL. BIRDSALL *v.* STEPHENSON, JUDGE, ET AL.

**[Cite as *State ex rel. Birdsall v. Stephenson*, 1994-Ohio-520.]**

*Mandamus to compel appellate court judges to certify the record of relator's case to the Supreme Court for the reason that the judgment is in conflict with a judgment pronounced upon the same question by another court of appeals— Writ denied, when.*

(No. 92-2196—Submitted December 7, 1993—Decided February 23, 1994.)

IN MANDAMUS.

ON MOTION FOR SUMMARY JUDGMENT.

————————————

{¶ 1} Relator, Richard G. Birdsall, was convicted of DWI based partly on results obtained by a "BAC verifier" test. The foundation for admitting these results at trial was a calibration solution report that had been identified as authentic by a witness, but that apparently had not been certified by the Ohio Department of Health. Judges Earl E. Stephenson and William Harsha of the Court of Appeals for Ross County affirmed this evidentiary ruling. They acknowledged, however, that their decision conflicted with *Columbus v. Robbins* (1989), 61 Ohio App. 3d 324, 572 N.E.2d 777, in which the Franklin County Court of Appeals held BAC verifier results inadmissible unless the calibration solution report was certified.

{¶ 2} On September 30, 1992, Birdsall asked the respondents, Judges Stephenson, Harsha and Judge Lawrence Grey, to certify the decision upon the appeal of his conviction, *State v. Birdsall* (July 31, 1992), Ross App. No. 1793, unreported, as in conflict with *Robbins*, *supra*, pursuant to Section 3(B)(4), Article IV, Ohio Constitution. The respondent judges denied his request, with Judges Stephenson and Harsha stating that it was not made within thirty days of the judgment, as required by R.C. 2501.12.

**{¶ 3}** Birdsall seeks a writ of mandamus to compel certification of the conflict between *Birdsall* and *Robbins*. The respondent judges have moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted) or, in the alternative, for summary judgment. Birdsall has moved to strike respondents' motion because their brief in support does not comply with the form requirements specified in S.Ct.Prac.R. V(1).

_____

*James T. Boulger*, for relator.

*Leonard Berkley*, for respondents.

_____

**Per Curiam.**

**{¶ 4}** Birdsall does not identify any specific deficiencies in his motion to strike, but his main objection seems to be that the respondent judges did not include a table of contents, statement of facts, propositions of law, or list of authorities in their brief urging dismissal or summary judgment. These requirements, imposed by S.Ct.Prac.R. V(1), apply for briefs in support of motions, just as they do for merit briefs in original actions. See S.Ct.Prac.R. VIII(10), V(2), and VI(3).

**{¶ 5}** Birdsall relies on *Drake v. Bucher* (1966), 5 Ohio St.2d 37, 34 O.O.2d 53, 213 N.E.2d 182, in which an appeal was dismissed *sua sponte* because the brief "utterly fail[ed] to comply with virtually every rule of this court as to form and content," *id.* at 38, 34 O.O.2d at 54, 213 N.E.2d at 183, and was "a substantial disregard of the whole body of these rules," *id.* at 40, 34 O.O.2d at 55, 213 N.E.2d at 184, that could not be tolerated. Birdsall also relies on *State ex rel. Queen City Chapter of the Soc. of Professional Journalists v. McGinnis* (1984), 10 Ohio St.3d 54, 10 OBR 316, 461 N.E.2d 307, in which an original action in mandamus was dismissed by this court because the relators failed to file an appropriate brief after being ordered to do so twice.

**{¶ 6}** The judges' noncompliance in this case, however, is not so pervasive as that in *Drake*, *supra*.  Nor have the judges ignored a court order to file a complying brief as did the relators in *McGinnis*, *supra*.  Moreover, the *Drake* court observed that the promotion of justice may sometimes require "a certain liberality in enforcing a strict attention to the rules," 5 Ohio St.2d at 40, 34 O.O.2d at 55, 213 N.E.2d at 184, and striking the judges' motion, part of which we find dispositive, will serve only to delay final judgment.  Accordingly, we overrule the relator's motion to strike.

**{¶ 7}** We also overrule the respondents' Civ.R. 12(B)(6) motion to dismiss. In mandamus actions, such motions ascertain whether the complaint alleges "'the existence of [a clear] legal duty and the want of an adequate remedy at law'"—the conditions for the writ to issue—"'with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.'"  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381, quoting *State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785.  The respondent judges, however, do not attack the sufficiency of the complaint.  They argue that Birdsall has an adequate remedy by way of the certification procedure provided in R.C. 2501.12 and, thus, seek a judgment on the merits of this dispute.  See *State ex rel. Schneider v. N. Olmsted Bd. of Edn.* (1988), 39 Ohio St.3d 281, 282, 530 N.E.2d 206, 207 ("[W]hen a court denies mandamus because an adequate legal remedy exists, the denial is an adjudication on the merits.").  We have said that such motions are "ill-conceived."  *Assn. for Defense of the Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293.

**{¶ 8}** The judges' argument that Birdsall had an adequate remedy in the ordinary course of law is better raised by their motion for summary judgment.  A Civ.R. 56 motion for summary judgment allows us to consider pleadings and certain evidence in determining whether material facts are not in dispute and the

movant is entitled to judgment as a matter of law. This standard is consistent with the judges' argument that Birdsall should have timely filed his request for certification under R.C. 2501.12 and with Birdsall's failure to dispute the facts of his untimely request or the adequacy of this remedy.

{¶ 9} R.C. 2501.12 provides, in part:

"A motion seeking an order of the court of appeals to certify the record of a case to the supreme court for the reason that the judgment of the court of appeals in the case is in conflict with a judgment pronounced upon the same question by another court of appeals of this state, shall be filed in the court of appeals within thirty days after the journal entry of the judgment in the case sought to be certified has been approved by the court in writing and filed with its clerk for journalization. * * *"

{¶ 10} But Birdsall argues that S.Ct.Prac.R. III completely controls certification of conflicts by courts of appeal, apparently because R.C. 2501.12 has been superseded pursuant to Section 5(B), Article IV, Ohio Constitution, which invalidates all laws in conflict with Supreme Court Rules of Practice promulgated thereunder.

{¶ 11} S.Ct.Prac.R. III provides, in part:

"Section 1. Time for Filing Copy of Order of Certification. Where the judges of a Court of Appeals have made an order finding that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by another Court of Appeals and providing for certification of the record of the case to the Supreme Court for review and final determination, a party who would be adversely affected by the judgment so agreed upon shall, within thirty days of the such order of certication, file in the Supreme Court a certified copy of such order."

{¶ 12} We see no conflict between S.Ct.Prac.R. III and R.C. 2501.12. Compliance with the thirty-day period in the statute does not preclude compliance

4

with the rule because the rule does not impose any time period for requesting the court of appeals to certify a conlict. But, cf., *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 224, 611 N.E.2d 789, 791. Nor does R.C. 2501.12 impose additional burdens for accomplishing this purpose. *Id.* S.Ct.Prac.R. III governs procedure once a conflict is determined by a court of appeals; the statute establishes the procedure for submitting the issue to the court of appeals initially. Accordingly, the provisions of both laws must be given effect.

{¶ 13} Moreover, we agree with the judges that Birdsall might have challenged the time restriction in R.C. 2501.12 directly by appealing their refusal to certify the conflict. While not appealable by right as a case that originated in the court of appeals, *Waller v. Leach* (1946), 147 Ohio St. 181, 34 O.O.62, 70 N.E.2d 267, the court's judgment was a final order and, therefore, within our discretionary review authority. The availability of a discretionary appeal is an adequate remedy that will ordinarily preclude a writ of mandamus. *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 248-249, 594 N.E.2d 616, 620. Cf. *State ex rel. Foreman v. Logan Cty. Court of Appeals* (1970), 24 Ohio St.2d 93, 53 O.O.2d 251, 264 N.E.2d 642; *State ex rel. Wolfe v. Richards* (1933), 127 Ohio St. 63, 187 N.E. 1, which hold that we will not review a court of appeals' denial of certification for the reason that no conflict exists.

{¶ 14} Accordingly, relator's motion to strike and respondents' motion to dismiss are overruled. Respondents' alternative motion for summary judgment, however, is granted and the writ of mandamus is denied.

*Motion for summary judgment granted and writ denied.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____