[Cite as *State ex rel. Robinson-Bond v. Champaign Cty. Bd. of Elections*, 2011-Ohio-6127.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT

CHAMPAIGN COUNTY


STATE OF OHIO, ex rel., ALICE ROBINSON-BOND

    *Relator*

v.

CHAMPAIGN COUNTY BOARD OF ELECTIONS

    *Respondent*


:Appellate Case No.   2011-CA-21


---

### DECISION AND FINAL JUDGMENT ENTRY; WRIT OF MANDAMUS
October   6th  , 2011

---

PER CURIAM:

**{¶ 1}** This matter is before the court on the verified Complaint for Writ of Mandamus or Alternate Writ of Prohibition filed by Alice Robinson-Bond on September 13, 2011.

**{¶ 2}** On September 1, 2011, the Champaign County Board of Elections (the "Board"), acting pursuant to R.C. 3503.24(A) upon a challenge of Robinson-Bond's right to vote as a registered elector of Champaign County, and following an evidentiary hearing, decided that Robinson-Bond is not entitled to have her name on the Board's list of registered electors, and removed Robinson-Bond's name from that list and cancelled her registration forms pursuant to R.C.

3503.24(C).

{¶ 3} In the Prayer for Relief made a part of her Complaint, Robinson-Bond requests a writ of mandamus or, alternatively, a writ of prohibition requiring the Board (a) to find that Robinson-Bond is a resident of Champaign County for purposes of voting and (b) to maintain or return her name to the Board's list of registered electors. Robinson-Bond also requests a peremptory writ granting that relief.

{¶ 4} An alternative writ commands the respondent to obey the mandate of the writ or show cause why it should not be obeyed. "When the right to require performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus. In all other cases an alternative writ must first be issued to the allowance of a court or a judge thereof." R.C. 2731.06. On this record, we find the grounds for a peremptory writ lacking. Therefore, the action will proceed on a petition for writs of mandamus or prohibition.

{¶ 5} The proper function of prohibition is to prevent a court or a quasi-judicial body from exceeding its jurisdiction, not to prevent errors. Prohibition applies to restrain only the prospective unauthorized exercise of judicial power, and is not available to examine the regularity of an act already performed. *State ex rel. Celebrezze v. Court of Common Pleas of Butler Cty.* (1979), 60 Ohio St.2d 188. The acts of the Board of which Robinson-Bond complains were performed and complete on September 1, 2011. Therefore, prohibition cannot lie.

{¶ 6} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "In order for a writ of

mandamus to issue, the party seeking the writ must prove that the official against whom the writ is directed is under a 'clear legal duty' to perform the desired act and, thus, that the relator has a 'clear legal right' to the relief sought for which no 'plain and adequate' legal remedy exists." *State ex rel. Hughes v. Indus. Comm.* (1982), 1 Ohio St.3d 57, 58.

{¶ 7} Ordinarily, an appeal to the court of common pleas pursuant to R.C. Chapter 2506 from the decision of a board is an adequate remedy at law. The next election at which Robinson-Bond might vote as an elector of Champaign County, but for the action of the Board removing Robinson-Bond's name from its roll of registered electors, will be held on November 8, 2011. Because that date is in close proximity to the date on which the Board acted, Robinson-Bond has demonstrated that she lacks a plain and adequate remedy at law. See *State ex rel. Greene v. Montgomery Cty. Bd. of Elections*, 121 Ohio St.3d 631, 2009-Ohio-1716, ¶10.

{¶ 8} R.C. 3503.02 provides:

{¶ 9} "All registrars and judges of elections, in determining the residence of a person offering to register or vote, shall be governed by the following rules:

{¶ 10} "(A) That place shall be considered the residence of a person in which the person's habitation is fixed and to which, whenever the person is absent, the person has the intention of returning.

{¶ 11} "(B) A person shall not be considered to have lost the person's residence who leaves the person's home and goes into another state or county of this state, for temporary purposes only, with the intention of returning.

{¶ 12} "(C) A person shall not be considered to have gained a residence in any county of this state into which the person comes for temporary purposes only, without the intention of making

such county the permanent place of abode.

**{¶ 13}** "(D) The place where the family of a married person resides shall be considered to be the person's place of residence; except that when the spouses have separated and live apart, the place where such a spouse resides the length of time required to entitle a person to vote shall be considered to be the spouse's place of residence.

**{¶ 14}** "(E) If a person removes to another state with the intention of making such state the person's residence, the person shall be considered to have lost the person's residence in this state.

**{¶ 15}** "(F) Except as otherwise provided in division (G) of this section, if a person removes from this state and continuously resides outside this state for a period of four years or more, the person shall be considered to have lost the person's residence in this state, notwithstanding the fact that the person may entertain an intention to return at some future period.

**{¶ 16}** "(G) If a person removes from this state to engage in the services of the United States government, the person shall not be considered to have lost the person's residence in this state during the period of such service, and likewise should the person enter the employment of the state, the place where such person resided at the time of the person's removal shall be considered to be the person's place of residence.

**{¶ 17}** "(H) If a person goes into another state and while there exercises the right of a citizen by voting, the person shall be considered to have lost the person's residence in this state.

**{¶ 18}** "(I) If a person does not have a fixed place of habitation, but has a shelter or other location at which the person has been a consistent or regular inhabitant and to which the person has the intention of returning, that shelter or other location shall be deemed the person's residence for the purpose of registering to vote."

{¶ 19} The application challenging Robinson-Bond's right to vote as a registered elector of Champaign County relied on R.C. 3503.02(D), citing the fact that Robinson-Bond's husband and her two children reside together in a home in Franklin County. Robinson-Bond did not dispute that fact in her testimony at the hearing the Board held. Rather, Robinson-Bond offered extensive evidence demonstrating that Champaign County is the place where her habitation is fixed and to which, whenever she is absent, she has the intention of returning. R.C. 350.02(A). See Complaint, ¶4-46. Robinson-Bond also testified that she regards Champaign County as her place of residence and desires to be interred there when she dies, stating: "My past, my present, and my future are all right here in Champaign County. I intend that residence to be my residence." (T. 28).

{¶ 20} The Board made no express finding as a basis for its removal of Robinson-Bond's name from its list of registered electors. The only evidence offered in support of that action was that Robinson-Bond's husband and children live in Franklin County. Absent a finding by the Board, we necessarily conclude that the Board relied on R.C. 3503.02(D) for the action it took.

{¶ 21} Unlike the other factors in R.C. 3503.02, paragraph (D) identifies a particular circumstance that determines a person's residence. That fact may appear to make the factor more compelling than the other factors the section sets out. Nevertheless, "[a]ll of R.C. 3503.02, including section D, is phrased in mandatory language, so elevating R.C. 3503.02(D) over others, e.g., R.C. 3503.02(A) through (C), without reasonable justification is impermissible." *State ex rel. Husted v. Brunner,* 123 Ohio St.3d 288, 2009-Ohio-5327, ¶32.

{¶ 22} Where there is conflicting evidence on an issue, a court should not substitute its judgment for that of a board of elections. *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections*

(2000), 88 Ohio St.3d 182. However, the Secretary of State is the chief election officer of the state, with such powers and duties relating to registration of electors as are prescribed by the Revised Code. R.C. 3501.04. The Secretary has directed that the person challenging an elector's right to vote bears the burden of proving the challenge by clear and convincing evidence. Directive No. 2008-79, September 5, 2008, ¶5. Therefore, a board of elections may not remove a person's name from its list of registered electors upon a challenge unless the grounds the challenge involves are supported by clear and convincing evidence.

{¶ 23} While it is undisputed that Robinson-Bond's husband and children reside in Franklin County, R.C. 3503.02(D), that fact, standing alone, is not substantial evidence from which the Board could find that Robinson-Bond is not a resident of Champaign County. *State ex rel. Husted v. Brunner*. On this record, that issue must also be determined in relation to the other evidence she offered showing, per R.C. 3503.02(A), that Champaign County is Robinson-Bond's fixed place of habitation. The Board was also required to give great weight to Robinson-Bond's unequivocal declaration so stating.

{¶ 24} In his concurring opinion in *State ex rel. Klink v. Egrich* (1952), 157 Ohio St. 338, Justice Taft wrote, at pp. 343-344:

{¶ 25} "In making provision for the place where an elector may vote, the General Assembly has not specified that he may vote only at his place of domicile. Instead the words 'resident' Section 4785-30, General Code and 'residence' Section 4785-31, General Code have been used. A man may have more than one residence although he can have only one domicile. See *Grant v. Jones*, 39 Ohio St. 506, 515; 17 American Jurisprudence, 594, Section 9.

{¶ 26} "*    *    *

{¶ 27} "The rules which the General Assembly specified were apparently intended to enable an individual in such a situation to select as his residence some place which fairly conformed with one or more of the several rules specified, even though it might not conform with some of the other rules so specified or might not be his domicile."

{¶ 28} Even if, pursuant to R.C. 3503.02(D), Robinson-Bond may have a place of residence in Franklin County, that does not necessarily demonstrate that her proper voting residence is, therefore, not in Champaign County, when Robinson-Bond has selected Champaign County as her residence and that choice fairly conforms with R.C. 3503.02(A). Only if a showing was made, by clear and convincing evidence that Champaign County is not Robinson-Bond's place of residence, could the Board remove Robinson-Bond from its list of registered electors.

{¶ 29} There was not clear and convincing evidence before the Board from which it could find that, at the time it removed Robinson-Bond's name from the Board's list of registered electors, Champaign County is not her voting "residence" for purposes of R.C. 3503.02. Therefore, the Board had a clear legal duty to deny and dismiss the challenge that was filed, and Robinson-Bond had a clear legal right to that outcome. Having been denied that right, Robinson-Bond is entitled to mandamus relief.

{¶ 30} IT IS ORDERED that the clerk shall, forthwith, serve a copy of this Writ upon Brent Emmons, Sheriff of Champaign County, Ohio, 214 N. Main Street, Urbana, Ohio 43078.

{¶ 31} Pursuant to R.C. 2731.08, the Sheriff shall serve a copy of this Writ upon the members of the Champaign County Board of Elections, personally. The Sheriff must report his proceedings therewith to this Court by return of service.

{¶ 32} IT IS FURTHER ORDERED that Respondent, Champaign County Board of

Elections, immediately upon service of this Writ, shall restore the name of Relator, Alice Robinson-Bond, to Respondent's list of registered electors and reinstate Relator's registration forms as a registered elector of Champaign County.

SO ORDERED.

THOMAS J. GRADY, Presiding Judge

MIKE FAIN, Judge

HALL, J., dissenting:

{¶ 33} I am troubled by my belief that this is a "friendly" challenge designed to seek a pre-emptive ruling that disrupts the ordinary burden of proof. Garnett Sue Hess gave the following explanation for her decision to challenge the relator's voting credentials:

{¶ 34} "* * * I saw [relator Robinson-Bond] in July and she said[,] [']You know, I think I'd really like an answer.['] And because there was the question, because what if she does run sometime? Right now there's no openings for anything, but she's extremely qualified, and I've been encouraging her to run.

{¶ 35} "You know, I think she's extremely qualified for whatever she would run for. And so I said, well, you know what? I can challenge that. * * *" (T. 5-6).

{¶ 36} Thereafter, the challenger presented *no* documentary evidence. The *only* factual

statement the challenger made was as follows:

{¶ 37} "* * * [H]er intent is to continue to stay in Mechanicsburg.

{¶ 38} "I know that her mom is there. She's disabled. She spends a lot of time there. She probably spends more time in her car than she does in her home in Dublin, but she has a residential home with her husband in Dublin and her family.

{¶ 39} " * * *

{¶ 40} "She's registered here where she grew up, but she is married and her husband and family live in another county."   (Id. at 8-9).

{¶ 41} Thus, there is no adverse party.  The crucible for truth in our justice system is an adversarial process that brings to bear available evidence on a disputed issue.  In the absence of adversarial parties, it would be improper to allocate the burden of proof to the challenger.  When it is clear that a challenge to one's voting status is actually brought on behalf of the voter, the burden of proof should be on the voter.

{¶ 42} Perhaps more importantly, the relator has not demonstrated a clear legal right to the relief she requests.  In *State ex rel. Klink v. Eyrich* (1952), 157 Ohio St. 338, Justice Taft said, "Unless the evidence before the board was such as to require as a matter of law a determination that [the voter's] voting residence was not as stated in his declaration of candidacy, then the decision of the board must be sustained.  In other words, if there was substantial evidence to sustain that decision, the writ requested must be denied.  In such an instance where there is no claim of any fraud or corruption on the part of the board, this court cannot say that the board abused its discretion."  Id. at 339 (Taft, J., concurring).  I agree.  In my view, then, absent an error of law by the Board, our task is to view this similar to an administrative appeal and to determine whether

substantial evidence exists to support this 4-0 decision. We then review the decision for an abuse of discretion. We should not be making this decision in the first instance.

{¶ 43} There is substantial evidence to support the decision of the Board of Elections. The relator's evidence, with the Mechanicsburg address of her mother on various documents, was, by her own admission, largely "created" after the decision in *State ex rel Husted v. Brunner*, 123 Ohio St. 3d 288, 2009-Ohio-5327. Her family, including her minor children, live in Dublin. She works in Columbus. One of her submitted credit-card statements reveals that she shops in Dublin and Westerville in Franklin County. She does not own the house in Mechanicsburg but has a one-third remainder interest with her siblings upon the death of her mother. She does not pay the utilities there. Based upon this evidence, I would conclude that there is substantial evidence to support the decision of the Board of Elections and that it did not abuse its discretion in deciding to uphold the challenge to Relator's right to vote in Champaign County. Accordingly, there is no clear legal right for this court to enforce.

{¶ 44} I also would distinguish *Husted*, supra, for two reasons. First, in *Husted*, the Board of Elections had conducted "an administrative investigatory hearing," not an R.C. 3503.24 challenge to his right to vote. This procedural irregularity was sufficient, in itself, for the Supreme Court to grant the writ of mandamus in that case. Arguably, then, any discussion of the merits thereafter was dicta. Second, in *Husted*, the Supreme Court's analysis was critical of Secretary of State Brunner's twelve-page written decision placing primary emphasis on the presumption of residency in R.C. 3503.02(D), which provides in part that "where the family of a married person resides shall be considered to be the person's place of residence[.]" The Supreme Court effectively viewed this as a legal error. Here, we do not have a written decision, so there is no reason to conclude that

the Board improperly placed emphasis on one part as opposed to another.

{¶ 45} Our eventual decision will be cited as precedent, and argued to be res judicata, if this elector decides to run for office in Champaign County. Then, and only then, will an opponent, a truly adverse party, have an interest in challenging her residential status.

{¶ 46} I dissent.

_____

MICHAEL T. HALL, Judge

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____

THOMAS J. GRADY, Presiding Judge

In witness whereof, I, Penny Underwood, Clerk of the Champaign County Court of Appeals, have hereunto set my hand and affixed the seal of said court, this _____ day of October 2011.

12

_____

_____
CLERK, Champaign County Court of Appeals

Copies mailed to:

Alice Robinson-Bond, Esq.
Relator, Pro Se
256 West Main Street
Mechanicsburg, OH 43044

Scott D. Schockling, Esq.
Special Asst. Pros. Attorney
Attorney for Respondent
5073 Bixby Road
Groveport, OH 43125