[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kendrick v. Parker*, Slip Opinion No. 2020-Ohio-3081.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3081

THE STATE EX REL. KENDRICK, APPELLANT, *v.* PARKER, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kendrick v. Parker*, Slip Opinion No. 2020-Ohio-3081.]**

*Certification of conflicts—This court lacks authority to review court of appeals' decision declining to certify conflict—Appeal dismissed.*

(No. 2019-1669—Submitted April 7, 2020—Decided May 28, 2020.)

APPEAL from the Court of Appeals for Montgomery County, No. 28098.

_____

**Per Curiam.**

{¶ 1} Appellant, Shaun D. Kendrick Sr., appeals the judgment of the Second District Court of Appeals denying his motion to certify a conflict. Because we lack authority to review the Second District's decision, we dismiss the appeal.

{¶ 2} Kendrick is in prison serving sentences for seven rape convictions. In 2018, he filed a petition in the Second District for a writ of prohibition and/or mandamus, alleging that the trial judge in his criminal case patently and

unambiguously lacked jurisdiction to sentence him for one of the offenses. The Second District granted summary judgment in the judge's favor, and we affirmed. *State ex rel. Kendrick v. Parker*, __ Ohio St.3d __, 2020-Ohio-1509, __ N.E.3d __.

{¶ 3} Meanwhile, Kendrick filed a motion asking the Second District to certify that its judgment conflicts with several other appellate decisions. Kendrick now appeals from the Second District's denial of that motion.

{¶ 4} We have long held that we will not review a court of appeals' decision declining to certify the existence of a conflict. *See State ex rel. Birdsall v. Stephenson*, 68 Ohio St.3d 353, 356, 626 N.E.2d 946 (1994) ("we will not review a court of appeals' denial of certification for the reason that no conflict exists"), citing *State ex rel. Wolfe v. Richards*, 127 Ohio St. 63, 187 N.E. 1 (1933) ("The question whether or not such conflict exists is not open to review by this court"). Because we lack authority to review the Second District's decision declining to certify the existence of a conflict, we dismiss this appeal.

Appeal dismissed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Shaun D. Kendrick Sr., pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Anne M. Jagielski, Assistant Prosecuting Attorney, for appellee.

_____