[Cite as *State ex rel. L.N.B. v. Lawson*, 2021-Ohio-1365.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. L.N.B., | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2020-L-121** |
| THE HONORABLE JUDGE KAREN LAWSON, | : | |
| Respondent. | : | |

Original Action for Writ of Prohibition.

Judgment: Petition dismissed.

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Relator).

*Charles E. Coulson,* Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1}   Respondent, Judge Karen Lawson, moves to dismiss the verified petition for writ of prohibition filed by Relator L.N.B, arguing it fails to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6).  We grant the motion and dismiss the petition.

{¶2}   "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make

all reasonable inferences in favor of the non-moving party. Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." (Internal citations omitted.) *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶3} Judge Lawson currently presides over case No. 2016 CV 00054, in the Juvenile Division of the Lake County Court of Common Pleas, an action for the allocation of parental rights and responsibilities between Relator L.N.B. (hereinafter "Mother") and J.C.L. ("Father"). On January 18, 2017, the trial court designated Mother the residential parent and legal custodian of the minor child and granted Father parenting time.

{¶4} On December 31, 2019, Judge Lawson issued a judgment entry granting Father's motions for custody and designating him residential parent and legal custodian. Within the entry, the judge also issued various other orders to the parties, including that they attend joint therapy to address communication and raising the child, and that they cooperate with, attend sessions, and comply with all requests of the parenting coordinator. Mother was also ordered to complete an intensive outpatient program, intended to be an eight-week intensive mental health program. Judge Lawson further ordered that, "As of August 27, 2020, Mother shall have parenting time pursuant to Lake County Ohio Juvenile Rule V." Two weeks later, Mother filed a motion to modify parenting time, which the trial court overruled on March 24, 2020. Mother appealed both entries, as well as the denial of a motion for new trial, and the appeals were consolidated for review. This court affirmed all three entries on January 29, 2021, in

[*J.C.L. v. L.N.B.*], 11th Dist. Lake Nos. 2020-L-010, 2020-L-049, & 2020-L-050, 2021-Ohio-246.

{¶5}  On November 24, 2020, while the above appeal was still pending in this court, Judge Lawson issued a nunc pro tunc entry with the following change: "**If the foregoing conditions are complete** as of August 27, 2020, Mother shall have parenting time pursuant to Lake County Ohio Juvenile Rule V."  (Emphasis sic.)  The "foregoing conditions" clearly refer to the above-referenced orders to the parties, which include that Mother complete an intensive outpatient program.  Mother appealed.  The appeal remains pending before this court in [*J.C.L. v. L.N.B.*], 11th Dist. Lake No. 2020-L-122.

{¶6}  In her petition, Mother asks us to issue an order preventing Judge Lawson from enforcing the November 24, 2020 nunc pro tunc entry, arguing she did not have jurisdiction to modify the December 31, 2019 entry during the pendency of the appeal and without leave of this court under Civ.R. 60(A).

{¶7}  "The three requirements which must exist to support the issuance of a writ of prohibition are: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) the exercise of such power must be clearly unauthorized by law, and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of law."  (Citation omitted.)  *State ex rel. Celebrezze v. Court of Common Pleas of Butler Cty.*, 60 Ohio St.2d 188, 189, 398 N.E.2d 777 (1979).

{¶8}  "Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party

3

challenging the court's jurisdiction possesses an adequate remedy by appeal. Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." (Internal citations omitted). *State ex rel. Stern v. Mascio*, 81 Ohio St.3d 297, 298-299, 691 N.E.2d 253 (1998).

{¶9} "'[I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and [its] authority to hear that specific action will depend on the specific facts before [it], the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue.'" *State ex rel. Huntington Natl. Bank v. Kontos*, 11th Dist. Trumbull No. 2013-T-0089, 2014-Ohio-1374, ¶ 12, quoting *State ex rel. The Leatherworks Partnership v. Stuard,* 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶ 19.

{¶10} Judge Lawson, as the judge of the court of common pleas' juvenile division, generally has subject matter jurisdiction over an action for parental rights and responsibilities. Further, once an appeal is perfected, a trial court is not divested of *all* jurisdiction—the trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction and to act in aid of the appeal. *In re S.J.,* 106 Ohio St.3d 11, 829 N.E.2d 1207, 2005-Ohio-3215, ¶ 9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978) and *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44, 553 N.E.2d 1354 (1990). Thus, Judge

4

Lawson's authority to issue and enforce the nunc pro tunc entry depended on the specific facts before her at the time, rendering any jurisdictional defect neither patent nor unambiguous.

{¶11} Because Judge Lawson had jurisdiction to determine her own jurisdiction, Mother has an adequate remedy by way of a direct appeal, whereby she may challenge the nunc pro tunc entry as an act inconsistent with this court's jurisdiction while the previous appeal was pending, a violation of Civ.R. 60(A), or otherwise. In fact, Mother currently has an appeal from that entry pending before this court, further establishing that denial of the writ will not cause an injury for which she has no adequate remedy at law.

{¶12} Upon construing Mother's allegations in a manner most favorable to her, she fails to state a claim upon which relief in prohibition can be granted. Accordingly, we grant Judge Lawson's motion to dismiss. Civ.R. 12(B)(6); *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 144, 684 N.E.2d 1228 (1997).

{¶13} The petition for writ of prohibition is dismissed.


MARY JANE TRAPP, P.J., THOMAS R. WRIGHT, J., MATT LYNCH, J., concur.