[Cite as *Krueger v. Krueger*, 2025-Ohio-5283.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# GEAUGA COUNTY

COLEEN J. KRUEGER,

       Petitioner-Appellee,

- vs -

BRIAN J. KRUEGER,

       Petitioner-Appellant.

CASE NO. 2025-G-0018

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 DK 000134

## OPINION AND JUDGMENT ENTRY

Decided: November 24, 2025
Judgment: Affirmed

*Nicole A. Cruz* and *Kelley R. Tauring*, Stafford Cruz Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Petitioner-Appellant).

*Scott S. Rosenthal* and *Alarra S. Jordan*, Rosenthal Lane, L.L.C., North Point Tower, 1001 Lakeside Avenue, Suite 1720, Cleveland, OH 44114 (For Petitioner-Appellee).

SCOTT LYNCH, J.

{¶1} Appellant, Brian Krueger, appeals from the judgment of the Geauga County Court of Common Pleas, ordering him to pay interest and poundage on a property division award. For the following reasons, we affirm the judgment of the lower court.

{¶2} On March 1, 2021, appellee, Coleen Krueger, and Brian, who were married in 1998, filed a petition for dissolution of marriage. On April 21, 2021, the trial court issued a judgment entry of dissolution which incorporated the parties' separation agreement. It included a property division agreement which provided that Coleen would receive half of the fair market value of certain business interests, payable by the allocation of assets and

a lump sum payment.  Brian agreed to pay a $600,000 equalizing property division payment in yearly installments commencing on December 31, 2021.

{¶3}   Coleen filed an amended motion for relief from judgment on December 3, 2021, arguing that Brian committed fraud by misrepresenting the value of his company. A July 31, 2023 magistrate's decision granted summary judgment on this motion. It concluded that Brian defrauded Coleen by misrepresenting his business' value and/or negotiations for its sale prior to execution of the settlement agreement and Coleen was entitled to receive half of the value of the sale of the parties' interest in the company.

{¶4}   On November 7, 2023, the trial court issued a judgment entry, amending the property division to reflect an increased value in the company and amount of property awarded to Coleen.  It ordered Brian to pay Coleen the sum of $5,734,528 within 30 days of the filing of its judgment entry and that Coleen "shall be entitled to recover the principal amount . . . plus statutory judgment interest . . . until paid in full."  Brian appealed from this judgment.  On January 30, 2024, the trial court granted Brian's request for a stay of judgment pending appeal on the condition that he submit bond.  Following garnishments sought by Coleen, the court issued an order that the garnishment of $6,000,000 would be held by the clerk in lieu of supersedeas bond.

{¶5}   In a July 29, 2024 opinion, this court affirmed and remanded for the limited purpose of correcting clerical errors in the calculation of the property interest.  *Krueger v. Krueger*, 2024-Ohio-2863, ¶ 114-115 (11th Dist.).  Brian appealed this judgment, and this court's subsequent denial of his application for reconsideration, to the Ohio Supreme Court in Case No. 2024-1522.  This court also denied Brian's motion to certify a conflict on November 19, 2024, which Brian appealed in Supreme Court Case No. 2025-0015.

In Case No. 2024-1522, the Ohio Supreme Court declined jurisdiction on January 28, 2025 and subsequently denied a motion for reconsideration on April 1, 2025.

{¶6}   Coleen filed a renewed motion to release funds with the trial court on February 7, 2025, requesting that funds garnished from Brian's accounts to satisfy the court's judgment be released to her.

{¶7}   On April 11, 2025, the trial court issued a judgment entry in which it calculated statutory interest owed from December 8, 2023, through April 11, 2025, totaling $603,775.10.  It found the total owed to Coleen was $6,338,303.10 and that the money held by the clerk should be paid to Coleen.  It ordered Brian to pay the clerk of court poundage in the amount of $60,100.  The court subsequently denied Brian's motion to vacate on the ground that an appeal remained pending before the Supreme Court.   In Case No. 2025-0015, the Ohio Supreme Court declined jurisdiction on May 13, 2025.

{¶8}   Brian timely appeals from the trial court's April 11 judgment and raises the following assignments of error:

{¶9}   "[1.]  The trial court erred as a matter of law and abused its discretion in calculating and awarding the Appellee interest and imposing poundage costs on the Appellant when the underlying division of property was not reduced to judgment and was stayed pending appeal.

{¶10}   "[2.]  The trial court erred as a matter of law by issuing the Judgment Entry releasing the supersedeas bond pending the Appellant's appeal to the Ohio Supreme Court."

**Jurisdiction During Pending Appeal on Motion to Certify Conflict**

{¶11}  The assignments of error will be considered out of order for ease of

Case No. 2025-G-0018

discussion. In his second assignment of error, Brian argues that the trial court's judgment is void because the pending appeal in the Ohio Supreme Court deprived it of jurisdiction.

{¶12} "Determination of a court's jurisdiction is a question of law we review de novo." *Lloyd v. Thornsbery*, 2021-Ohio-240, ¶ 8 (11th Dist.). "[I]t is well-settled that when an appeal is taken from a trial court's judgment, the trial court is divested of jurisdiction," except in certain circumstances. *State v. Yeager*, 2023-Ohio-2730, ¶ 7 (11th Dist.). "[O]nce an appeal is perfected, a trial court is not divested of *all* jurisdiction—the trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction and to act in aid of the appeal." *State ex rel. L.N.B. v. Lawson*, 2021-Ohio-1365, ¶ 10 (11th Dist.), citing *In re S.J.*, 2005-Ohio-3215, ¶ 9 ("[t]he trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from"). When "the trial court's ruling could potentially conflict with the disposition of the pending appeal," it is inconsistent with jurisdiction. (Citation omitted.) *Salyers v. Salyers*, 2025-Ohio-2739, ¶ 37 (11th Dist.).

{¶13} Brian filed two appeals in the Ohio Supreme Court. In Case No. 2024-1522, he appealed this court's opinion affirming and remanding the trial court's judgment and the denial of reconsideration by this court. In Case No. 2025-0015, he appealed from this court's judgment denying his motion to certify a conflict in relation to the modification of property division. The judgment that is the subject of the present appeal was issued on April 11, 2025, after the Supreme Court disposed of the appeal in Case No. 2024-1522, but before it issued a judgment declining jurisdiction in Case No. 2025-0015. Thus, at the time of the trial court's judgment, there was pending before the Supreme Court a notice of appeal relating only to the denial of the motion to certify a conflict.

Case No. 2025-G-0018

{¶14} The Ohio Supreme Court has consistently held that it "will not review a court of appeals' decision declining to certify the existence of a conflict." *State ex rel. Kendrick v. Parker*, 2020-Ohio-3081, ¶ 4; *State ex rel. Birdsall v. Stephenson*, 68 Ohio St.3d 353, 356 (1994) ("we will not review a court of appeals' denial of certification for the reason that no conflict exists"), citing *State ex rel. Wolfe v. Richards*, 127 Ohio St. 63 (1933) ("[t]he question whether or not such conflict exists is not open to review by this court" since the authority to determine whether there is a conflict "is vested exclusively in the judges of the Court of Appeals"). In *Kendrick*, the Supreme Court concluded that the appeal was properly dismissed because the court "lack[ed] authority to review the [appellate court's] decision declining to certify the existence of a conflict." *Id.* at ¶ 4.

{¶15} We do not find that the trial court's action was taken in the absence of jurisdiction since it was not inconsistent with the appellate court's jurisdiction. The Supreme Court had no authority to review the matter before it. Any action taken by the trial court had no impact on the Supreme Court's jurisdiction nor could it affect the only decision to be made by the Supreme Court, declining jurisdiction to hear the appeal of the denial of a conflict. *See Hilbert v. Hilbert*, 2016-Ohio-8099, ¶ 38 (12th Dist.) ("the trial court's order did not impact this court's power to review, affirm, modify, or reverse the appealed judgment"). Brian cites *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-626, for the proposition that a court "patently and unambiguously lacked jurisdiction to proceed on all the claims against [the plaintiff] that were affected by [the] appeal." *Id.* at ¶ 18. However, we conclude that the claims ruled upon by the trial court were not "affected" by an appeal of a denial of certification since the Supreme Court was not authorized to consider such an appeal.

Case No. 2025-G-0018

{¶16} In *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538 (1992), the court addressed the argument that filing an appeal to the court of common pleas eliminated the Industrial Commission's authority to reconsider and vacate its order. It determined that the agency's authority was not terminated by "an attempted appeal from a decision which as a matter of law is not appealable," since the commission had the exclusive authority to rule on the violations in question. (Citation omitted.) *Id.* at 540-541.

{¶17} The second assignment of error is without merit.

**Existence of a Stay When Judgment Is Entered**

{¶18} In his first assignment of error, Brian argues that the trial court erred in awarding interest and imposing poundage costs because 1) it had issued a stay of judgment and 2) "the division of property was not reduced to judgment."

{¶19} Brian first argues that the trial court failed to take into consideration the existence of a stay as well as the pending appeal. Regarding the pending appeal, as discussed in the second assignment of error, we do not find that the appeal of the denial of a motion to certify a conflict impacted the trial court's ability to rule on the issue of interest.

{¶20} Here, a stay was put into place by the trial court for the pendency of the appeal. As noted by Brian, it has been held that a trial court "lacks jurisdiction to execute a judgment or [conduct] contempt proceedings regarding the judgment if there is a stay of the judgment pending appeal." (Citation omitted.) *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan*, 2003-Ohio-6608, ¶ 14.

{¶23} The trial court's issuance of a judgment effectively indicated that the stay

Case No. 2025-G-0018

had been lifted, although incorrectly stating that Brian had not sought a stay pending appeal. Nonetheless, the court recognized in its judgment that "Brian has now exhausted all appeals, and it is appropriate to issue a final dispositive order." As noted above, it is evident that the stay was put in place pending the appeal and when the merits of all appealable issues were disposed of, the trial court then took action to disburse the funds in the clerk's possession and address the issue of interest. It did not take steps to effectuate its judgment before all issues that courts have authority to address on appeal were dismissed, including the issuance of an opinion by this court on the merits of the appeal and the Supreme Court's judgment declining jurisdiction of that appeal.

{¶24} The existence of the stay during the appeal also did not have the legal effect of precluding an award of interest covering the time period while the stay was pending. The court ordered the sum to be paid by Brian within 30 days and advised that if the sum was not paid by that time, interest would accrue. It has been held that post-judgment interest can accrue even where a money judgment is deposited with the court pending appeal and that accumulation of such interest is halted when "full and unconditional payment of the judgment [is made] to the judgment creditor." (Citation omitted.) *Non-Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.*, 2007-Ohio-319, ¶ 72 (2d Dist.); *see Tabbaa v. Koglman*, 2005-Ohio-1498, ¶ 40 (8th Dist.).

**Whether Property Division Award Must be "Reduced to Judgment"**

{¶25} Brian also argues that a "property division award is not the equivalent of judgment unless expressly reduced to judgment by the trial court" and that the court could not award interest relating to that award.

{¶26} Courts have held that a property division was not "reduced to judgment"

Case No. 2025-G-0018

under certain circumstances, such as where a defendant was put on a payment plan for a property division debt. *Hissa v. Hissa*, 2014-Ohio-1508, ¶ 25-26 (8th Dist.); *Bowling v. Bowling*, 1998 WL 96440,*7 (10th Dist. Mar. 3, 1998). Here, the court ordered Brian to pay Coleen the sum of $5,734,528 within 30 days of the filing of its judgment entry on November 7, 2023, which he failed to do. Even presuming the amount owed was not "reduced to judgment," we find no error by the trial court.

{¶27} Brian cites *Bowling* for the proposition that interest cannot be awarded if a property division is not reduced to judgment. In *Bowling*, the court observed that the trial court found $113,027 constituted the appellee's share of the business and appellant must pay $1,000 per month until that sum was paid. It held that the "trial court could have exercised its discretion to reduce the award of $113,027 to judgment and award interest on appellant's obligation arising out of the division of marital property" and did not "abuse[] its discretion when it did not award interest on those monies as part of its order but, in turn, also held appellant responsible to pay the outstanding tax debt in the amount of $15,710." *Id.* at *7. The court in *Bowling* did not hold that the court could not award interest, but that it did not abuse its discretion by failing to do so. It has also been held that a trial court's entry stating that interest "would not be awarded because the property division award was not a judgment" constituted an abuse of discretion. *Palazzo v. Palazzo*, 2016-Ohio-3041, ¶ 18 (9th Dist.).

{¶28} Significantly, unlike in *Bowling*, in the present matter, the trial court did not just order Brian to pay monthly payments but clearly stated the full amount Brian was obligated to pay. This award of interest where Brian failed to pay a stated obligation by the set date is not an abuse of discretion. Brian cites no authority that precludes a court

Case No. 2025-G-0018

from awarding interest on a property division order in a dissolution case. "[T]he decision whether to award interest on obligations arising out of the division of marital property is within the trial court's discretion." *Summers v. Summers*, 1993 WL 262613, *1 (11th Dist. June 30, 1993). We find no grounds for a determination that the trial court abused its discretion.

{¶29} Brian also argues that the court erred in ordering payment of poundage to the clerk of courts because its order was not reduced to judgment and where the clerk was in possession of a supersedeas bond. He cites no legal authority for either of those propositions. It is evident that the monies to be paid to Coleen as a result of the order requiring payment of the judgment within 30 days, were processed, held by, and released through the clerk's office. R.C. 2303.20(V) provides that the clerk shall charge "a commission" for "receiving and disbursing money" that is deposited with the clerk. *See Rogg v. Nationwide Mut. Ins. Co.*, 2001-Ohio-4072, ¶ 7 (1st Dist.) (clerk has a legal duty to include poundage, i.e., commission on funds, received from a defendant). In the absence of legal authority to the contrary, we find no basis for reversing the court's order awarding poundage.

{¶30} The first assignment of error is without merit.

{¶31} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-G-0018

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0018